Argued October 11; affirmed October 22; rehearing denied
November 19, 1929

# S. L. SEAMAN *v.* ALBERT A. KUEHL ET UX.

(281 Pac. 185)

For appellants there was a brief over the name of *Mr. G. A. Pipes* with an oral argument by *Mr. S. P. Ness.*

For respondent there was a brief over the name of *Mr. William Hoesly* with an oral argument by *Mr. Everette I. Adcock.*

RAND, J. This is an action to recover a broker's commission alleged to have been earned through an exchange of lands between defendants and a third party. The action was based upon a written contract entered into between plaintiff and defendants which stipulated the amount that plaintiff should receive for his services. It was originally commenced in the district court where plaintiff had judgment from which an appeal was taken to the circuit court for Multnomah county. The complaint filed in the district court stated a good cause of action under the contract. Defendants filed an answer denying the allegations of the complaint and setting up affirmatively that defendants had been induced to enter into the contract by certain alleged fraudulent representations of plaintiff. The district court, on motion of plaintiff, struck out the new matter contained in the answer as sham, frivolous and irrelevant and, no amended answer having been filed in the district court, the cause went to trial on the issues made by the complaint and the denials contained in the answer. Upon the appeal to the circuit court being perfected, plaintiff filed a written motion for a judgment on the pleadings and, with said motion undisposed of, the cause was assigned for trial before

the Honorable Fred W. Wilson, circuit judge. On the trial plaintiff offered evidence tending to support the allegations of his complaint and rested. Defendants declined to offer any evidence and plaintiff had judgment for the amount stipulated in the written contract, from which defendants have appealed.

The bill of exceptions shows the following proceedings were had in the circuit court: At the inception of the trial, defendants stated: ''This case is here on the complaint, answer and the plaintiff's motion for a judgment on the pleadings. There is no reply filed, and none tendered. The defendant(s) join in the motion for a judgment on the pleadings and urge a ruling on that motion at this time.'' The motion was then argued and before a ruling had been made thereon defendants also stated to the court: ''The plaintiff filed a motion in the district court against the answer; there has been no action taken on that motion in this court; if the plaintiff wants to present that motion we are ready to argue it''; whereupon counsel for plaintiff stated that ''he was satisfied with the case and the rulings previously made.'' Thereupon the court ruled: ''I will hear the evidence and pass upon the law later,'' and counsel for defendants then stated: ''We object to that; we insist that this defendant has stated a complete defense to the complaint, by his answer; in fact, several defenses, and these defenses stand admitted for the want of a reply. No evidence is required to prove what is thus admitted, and no amount of evidence can change the pleadings on file''; whereupon the court said: ''The objection is overruled; you are allowed an exception to the ruling, your rights will be fully protected.'' Evidence was then offered on plaintiff's behalf during the taking of which numerous

objections were made by defendants to the introduction of plaintiff's testimony upon the ground that, no reply having been filed to the new matter set up in defendant's answer, defendants were entitled to a judgment because of plaintiff's failure to reply thereto and, after plaintiff had rested, defendants renewed their motion for judgment in favor of defendants and, upon its being overruled, declined to introduce any testimony and rested; whereupon the court gave judgment for plaintiff for the amount stipulated in the written contract.

It is clear that neither plaintiff nor defendants were entitled to a judgment on the pleadings when these motions were made. Plaintiff was not entitled to a judgment on the pleadings because the cause was at issue upon the allegations of the complaint and the denials contained in the answer. Nor were the defendants entitled to a judgment on the pleadings because the new matter in the answer had been stricken by order of the district court as sham, frivolous and irrelevant. The correctness of the district court's ruling upon the question of whether the new matter was sham, frivolous and irrelevant had not been at the time defendants made said motion for judgment on the pleadings presented to the circuit court for decision nor had that question been passed upon and decided. This new matter was not reinstated in the answer or made a part thereof by the appeal. It could only be reinstated by a decision of the circuit court holding it to be not sham, frivolous and irrelevant, and the motion as made by defendants for judgment on the pleadings called that matter to the attention of the circuit court, if at all, only by indirection. It assumed that the district court's ruling was incor-

rect and, being incorrect and no reply having been filed to the new matter so stricken, that defendants were entitled to a judgment on the pleadings because the allegations of the new matter, not having been denied, should be taken as true. The motion, as made, called for a ruling of the circuit court only indirectly upon the question of whether the new matter was sham, frivolous and irrelevant.

In the orderly trial of causes, motions should be presented in their proper sequence so as to present the particular question which the court is then called upon to decide. At the time this motion was made the court was engaged in the trial of the cause. If defendants had desired the court to rule upon the sufficiency of the new matter, when challenged by plaintiff's motion to strike, they should have called the matter to the particular attention of the court and applied to the court for a ruling upon that particular question and not presented the question by a motion for a judgment on the pleadings. If that had been done and the circuit court had sustained the motion to strike then the correctness of the circuit court's ruling thereon would be a question for decision upon this appeal. But this question was never passed upon by the circuit court. A motion for judgment on the pleadings at the inception of the trial followed by objections to the introduction of testimony during the trial and a motion for judgment for defendants, after plaintiff had rested, did not properly raise the question which defendants seek to have the court pass upon at this time. The record fails to show that the circuit court ever ruled upon or was directly called upon to make a ruling upon the sufficiency of the new matter contained in defendant's answer and it would not be fair to the trial

court to reverse this case upon a matter that the court was not called upon to determine. Hence, if it should be assumed that the new matter stated a good defense or counterclaim and that the district court erred in sustaining the motion to strike, the decision of the circuit court ought not to be reversed upon that ground in the absence of a showing in the record that the court had passed upon the question or had been called upon to pass upon it in some manner which particularly called it to its attention and made it the duty of the court to pass upon that particular question.

If defendants, instead of declining to offer any evidence at all, had attempted to prove the facts alleged in the new matter and plaintiff had objected to the introduction of such testimony, or if defendants had called attention to the motion to strike and had asked to be heard thereon, the attention of the court would have been directed to this particular matter and it would then have become the duty of the court to pass upon the question, and if the court's ruling thereon had been erroneous it would be our duty to reverse the judgment, but in view of the manner followed by defendants in attempting to present this question to the circuit court, as shown by the record, we do not think that the question is properly here for decision.

For these reasons, we think the judgment appealed from should be affirmed and it is so ordered.

COSHOW, C. J., MCBRIDE and ROSSMAN, JJ., concur.

AFFIRMED. REHEARING DENIED.